## LEWIS SPORES, Appellant, *v.* DAVID BOGGS, Respondent.

Replevin—Title in Stranger a Good Defense.—In an action to recover the possession of personal property, the defendant may plead property in himself or in another in bar of the action, and if he obtains a verdict, he is entitled to a return of the property.

Idem—Demand of Admissions.—In such action, if plaintiff relies upon the admissions in the answer to recover, he should not deny such admissions in his replication.

APPEAL from Lane County.

This is an action to recover the possession of a certain mare of the value of sixty dollars, alleged to be the property of the appellant. The answer denies the ownership, and right of possession of appellant, and alleges that the daughter of respondent, Anietia Boggs, is and was at the commencement of the action, the owner of the mare, and in possession of her. The replication denies each allegation of the answer. The jury found for the respondent. The appellant moved for judgment, notwithstanding the verdict on the ground that respondent's disclaimer of ownership in himself in the property in dispute, entitles appellant to its possession.

The motion was denied, and judgment rendered for respondent. Whereupon Spores appealed.

*Fitch & Fagan and J. M. Thompson,* for appellant:

The plaintiff also filed a motion for judgment on the pleadings, notwithstanding the verdict, except for costs and disbursements, on the ground that defendant by his answer disclaimed all ownership to the property in dispute, disclaimed all possession, right of possession, or any right, title, interest or claim therein.

The court erred in entering judgment for more than the pleadings showed the defendant was entitled to. (1 Van Santv. Pl. 175, 277, 362, 367, 369, 474 and 691; 5 Or. 447; Code 134, sec. 140; Code 158, sec. 258, 259; Story's Eq. sec. 838; Steph. on Pl. 149; 1 Chit. on Pl. 559, 680 and 673; 25 N. Y. 266; 2 N. Y. 506; 3 Estee's Pl. 508 and 509; 6 Seld. 370; 24 Pick 25; 18 Pick 427; 3 B. Monroe 464; 4 Wend. 217.)

*R. S. Strahan, John Burnett, and G. B. Dorris,* for respondent:

Plea of property in a stranger is a good plea either in abatement or in bar, and entitles the party to a return without avowry, for the possession was illegally taken from him. *(Harrison v. McIntosh,* 1 John 384; *Waldman v. Broder,* 10 Cal. 378; *Vose v. Hart,* 12 Ill. 378; *Edwards v. Talcott,* 1

Gilman, 365; *Morss* v. *Stone*, 5 Barb. 516; *Tuley* v. *Mauzey*, 4 B. Mon. 5; *Quincy* v. *Hall*, 1 Pick. 357; *Collins* v. *Evans*, 15 Pick. 63; *Hoffman* v. *Noble*, 6 Metc. 68; *Hill* v. *Fellows*, 25 Ark. 11; *Hoeffner* v. *Stratton*, 57 Maine, 360; *Underwood* v. *White*, 45 Ills. 437.)

By the Court, PRIM, C. J.:

It is admitted that respondent was entitled to judgment for costs and disbursements of the action; but it is claimed that that part of the judgment which requires the plaintiff to return the mare to defendant is erroneous. This claim of error is based upon the ground that respondent in his answer disclaims either the ownership or possession of the mare in dispute; and upon the further fact that respondent alleges that Anietia Boggs, the daughter of the respondent, is the owner of and was in possession of said property at the commencement of the action.

If appellant intended to rely upon the admissions in the answer of respondent for recovery, he should have asked for judgment thereon instead of denying such admissions in his replication. All the issues of fact made by the pleadings having been submitted to the jury, the presumption is in favor of the correctness of the verdict, and that is in accordance with the evidence produced at the trial. At any rate it appears that the jury found that appellant was not the owner of the mare, nor entitled to the possession of the same; and it is sufficient for a defendant in that class of actions that the right of property is not in the plaintiff.

In the case of *Edwards* v. *Talcott*, 1 Gilman, 365, which is a case like this, the court say: In this action the defendant may plead in bar, property in himself or in a stranger, and if he succeed on the trial, he will be entitled to a return of the property. It is not necessary that he should connect himself with the title of the stranger. It is sufficient for him that the right of property is not in the plaintiff. The plaintiff must recover on the strength of his own title.

The judgment of the circuit court is affirmed.