INJUNCTION—PLEADING—TRESPASS—DEMURRER—LIMITATIONS.

Where a suit to restrain a continuing trespass is met by the defense of limitations, the answer is not subject to demurrer on the ground that the affirmative defense admits that the trespass was continuing, which would destroy the defense of limitations, since the demurrer is an admission of facts alleged in the answer, which is contradictory to the allegation of a continuing trespass.

Injunction by Martha Boll against the New York & Harlem Railroad Company and others to restrain a continuing trespass on real property. Demurrer to an answer pleading limitations. Overruled.

L. M. Berkeley, for plaintiff.
Charles C. Paulding, for defendants.

BISCHOFF, J. The complaint is framed for all the purposes of an action to enjoin the defendants' alleged trespass to real property, and it is apparent therefrom that the trespass is, and for the 10 years immediately preceding the commencement of the action was, of a continuing character. The defense, among others, is that the cause of action did not accrue within 10 years last preceding the commencement of the action. Concededly, this defense is sufficient in form, and the only contention upon behalf of the plaintiff is that, since the complaint shows the trespass complained of to be a continuing one, the defense must fail as one without support in law. Galway v. Railway Co., 128 N. Y. 132, 28 N. E. 479, 13 L. R. A. 788. It is apparent that the position of the plaintiff's counsel is predicated of the implied admission of the facts alleged in the complaint, consequent upon the pleading of an affirmative defense, which is unaided and properly unaccompanied by denials. But the demurrer to the defense for insufficiency likewise involves an admission of the facts therein alleged, and only a question with regard to the legal effect of the facts pleaded is thereby presented. For the purposes of the present inquiry, therefore, the complaint, as the earlier pleading, wherever it is in conflict with the later admission, must be taken as revoked. Obviously, to hold otherwise would mean to accord to the plaintiff, at least for present purposes, the right to assume and urge two inconsistent positions at one and the same time. A case somewhat analogous to this is Spores v. Boggs, 6 Or. 122, where the complaint was in replevin, the answer title in a third person, and a denial by reply. It was held that the plaintiff was not entitled to judgment on the pleadings by reason of the defendant's disclaimer of ownership, because, if the plaintiff relied upon the admission, he should not have denied it. So, in the case at bar, the plaintiff, by her demurrer, has, in effect, denied the admission resulting from the defense demurred to; and the defense, therefore, could not well be tested as proceeding upon admitted facts such as would support the legal proposition arising upon the facts proven in the Galway Case. The true result of this issue of law, however, is not to depend upon the sufficiency of the separate defense, for the actual effect of the demurrer, by admitting the facts thus pleaded, is to disclose, not a defense to an existing case, but a defect in the case itself, which renders the defense, as such, of but second importance. The action, being in equity to restrain a trespass, obviously cannot be maintained except upon the theory that the trespass actually exists, and will, inferentially, continue; and equally obvious is the necessity that the complaint shall aver facts consistent with this theory. Taking the complaint as revoked to the extent of the admission, by the plaintiff's demurrer, of the facts stated in the separate defense, the case stands disclosed as one wherein the asserted trespass

is at an end; and in accordance with the familiar rule which calls for the rendering of judgment, upon a demurrer for insufficiency, against the party first in fault of pleading, this demurrer must be overruled.

Demurrer overruled, with costs.