Argued October 3, affirmed October 23, 1928.

## COMMERCIAL CREDIT COMPANY *v.* CHARLES CLICK.

(271 Pac. 36.)

For appellant there was a brief over the name of *Mr. E. M. Morton,* with an oral argument by *Mr. A. C. Hough.*

For respondent there was a brief over the name of *Mr. J. N. Johnston,* with an oral argument by *Mr. James T. Chinnock.*

BELT, J.—This is a replevin action to determine the ownership and right to possession of a second-hand Chrysler automobile. From a judgment in favor of the defendant, plaintiff appeals, predicating error on the refusal of the court to instruct the jury, as a matter of law, that plaintiff was the owner and entitled to possession of the automobile in question and that the only issue of fact for it to determine was the amount of damages plaintiff had sustained by reason of the alleged wrongful detention of the automobile. Under this assignment of error it is necessary to recite the facts.

On March 17, 1926, the Ring Motor Company, engaged in the sale of new and used cars at Grants Pass, Oregon, sold the car in controversy to Sailor Jack Wood, under the terms of a conditional sales contract whereby .title was reserved in the seller until full payment of the purchase price. On this same date the conditional sales contract was sold and assigned to the Commercial Credit Company, a corporation engaged in the business of financing automobile dealers. In this assignment, the Ring Motor Company transferred all of its right, title and interest to the automobile and guaranteed performance of the contract by the conditional vendee. Wood became involved in financial difficulty and, deciding that he was unable to pay the first monthly

installment which matured on April 15, 1926, voluntarily surrendered the car to the Ring Motor Company. It was thereupon put on the floor of the salesroom for sale. On April 10, 1926, the Ring Motor Company, as evidenced by a bill of sale, sold this automobile to the defendant, receiving in payment therefor his check for $1,250 and a used automobile at an exchange price of $450. Defendant immediately took possession of the Chrysler automobile. On April 12, the Ring Motor Company wrote the plaintiff at Portland, Oregon, as follows:

"We regret to advise you that Mr. Wood has voluntarily returned his car to us, stating that he will be unable to make his payments, owing to some recent financial difficulties, which have arisen.

"In as much as the first month has not expired and as Mr. Wood has been honest enough to advise us at an early date, we feel that we should assist him to some extent.

"We are willing to repossess this car and send you a check for the amount of the contract but would ask you to co-operate with us by waiving the financial charges, if you can possibly see your way clear. We believe your offices would prefer to do this than to repossess the car at your expense.

"Kindly advise us immediately what settlement you would require to take up this contract in full and oblige."

It will be observed that the above letter was written two days after the sale to the defendant. In reply to this letter plaintiff, on April 14, 1916, telegraphed the Ring Motor Company, "Please repossess Sailor Wood's car. Advise when on your floor." On the same date, in response to an inquiry as to the amount necessary to retire the Wood contract, plaintiff advised the Ring Motor Company by telegraph that the amount due was $1,207.43. On

April 15, 1926, the Ring Motor Company returned this telegram to plaintiff by mail, after writing thereon: "Find enclosed check covering above. Please forward all papers concerning deal." The check, which was drawn on the First National Bank of Southern Oregon at Grants Pass, Oregon, was indorsed by plaintiff on April 17, 1926. Payment was refused for want of funds. Prior to receipt of check the plaintiff, on April 14, 1926, wrote to the Ring Motor Company, "We are enclosing herewith certificate of title and contract relating to the car previously owned by Mr. Wood, and these papers show our interests to be satisfied."

 We think the defendant is entitled to prevail. The record discloses that the Ring Motor Company made an offer to purchase the interest of the plaintiff in the automobile and that such offer was accepted by plaintiff as evidenced by its letter dated April 14, 1926, wherein it is acknowledged that its interest had been satisfied. The fact that the check was not paid does not change the contract. It is true that, at the time of sale to the defendant, the Ring Motor Company was not able to transfer title, but it nevertheless subsequently acquired title and such inured to the benefit of the defendant. In any event, plaintiff in a replevin action must rely upon the strength of its own title and not upon the weakness of its adversary: *Spores* v. *Boggs,* 6 Or. 122; 23 R. C. L. 866. At the time of the commencement of this action plaintiff was not the owner and entitled to the possession of the automobile in question, since it had previously transferred and sold its interest to the Ring Motor Company. It is evident that plaintiff relied upon the credit of the Ring Motor Company. It was willing to execute the papers releasing

its interest prior to receipt of the Ring Motor Company's check. If the check had been paid there would have been no controversy. The fact that it was not paid gives plaintiff a right of action against the Ring Motor Company, but cannot affect the rights of defendant, who was an innocent purchaser.

The case was not tried by the lower court on the theory which we have announced, nor has it been suggested in the briefs of counsel, but the judgment rendered was, in our opinion, the proper determination of the action and, by virtue of Article VII, Section 3c, of the Constitution of this state, this court has power to affirm it. Plaintiff does not predicate its appeal on the instructions of the trial court.

The judgment of the lower court is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.